## UNITED STATES DISTRICT COURT

### DISTRICT OF MINNESOTA

| | |
|---|---|
| EGIDE NDIKUMANA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, *Attorney General*; SECRETARY OF HOMELAND SECURITY; PETER BERG, *Director of the St. Paul Field Office*; and KURT FREITAG, *Freeborn County Sheriff*, <br><br> Respondents. | Civil No. 19-3144 (JRT/DTS) <br><br><br> **MEMORANDUM OPINION AND ORDER VACATING R&R AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Egide Ndikumana, A212-057-178, Freeborn County Detention Center, P.O. Box 170, 411 S. Broadway Ave., Albert Lea, MN 56007, *pro se* petitioner.

Gregory Booker, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for Respondents.

Petitioner Egide Ndikumana brings a Petition for Writ of Habeas Corpus, seeking release from immigration detention. Ndikumana has been in immigration custody, with small gaps, since August 2018. (Decl. of Kalob Kresser ¶¶ 6–12, 18, Mar. 26, 2020, Docket No. 6.) His removal proceedings were initially terminated, then reinstated, and in April 2019 Ndikumana was found removable by an immigration judge. (*Id.*) Ndikumana appealed the decision to the BIA, but later withdrew his appeal, and his order of removal became final on January 22, 2020. (*Id.* ¶¶ 13–14.)

While his appeal was pending and before he withdrew it, Ndikumana filed this Petition, alleging that his continued detention violated the Constitution. (Pet. for Writ of Habeas Corpus, Dec. 20, 2019, Docket No. 1.) Magistrate Judge David T. Schultz issued a Report and Recommendation (R&R) finding that because Ndikumana's order of removal became final on January 22, 2020, Ndikumana was in the 90-day post-removal order period during which detention is mandatory under 8 U.S.C. § 1231. (R&R at 2, Mar. 27, 2020, Docket No. 8.)

Ndikumana objected, arguing that while he expected to complete the mandatory 90-day detention, and potentially even the following 90 days, he was concerned about continuing detention after 180 days. (Objections to R&R at 1, April 15, 2020, Docket No. 9.) Ndikumana was born in a refugee camp in the Democratic Republic of the Congo and is a citizen of Burundi. (*Id.* at 2.) Ndikumana is concerned that it may take significant time to obtain the required travel documents, and that he will be detained indefinitely. (*Id*.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## II.     POST-REMOVAL-ORDER DETENTION

As the Magistrate Judge noted in the R&R, Ndikumana's post-removal-order detention was mandatory under 8 U.S.C. § 1231, which instructs the government to remove the detainee within 90 days, and states that it "shall detain" him during that time. 8 U.S.C. § 1231(a)(1)(A), (a)(2). This post-removal-order detention "applies to certain categories of aliens who have been ordered removed, namely, inadmissible aliens, criminal aliens, aliens who have violated their nonimmigrant status conditions, and aliens removable for certain national security or foreign relations reasons." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Such detention is also mandatory for "as any alien 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Id.* (quoting 8 U.S.C. § 1231(a)(6)).

At the time the Magistrate Judge issued the R&R, Ndikumana's post-removal-order detention was still within the initial 90-day period contemplated by the statute, and the R&R recommended denial of the Petition on that ground. However, because Ndikumana's detention now exceeds the initial 90-day period, the Court will vacate the R&R and consider de novo what law applies at this time.

After the initial 90-day period, detention may continue "beyond the removal period." *Zadvydas*, 533 U.S. at 688–89 (2001) (quoting 8 U.S.C. § 1231(a)(6)). The Supreme Court has clarified that the statute does not permit indefinite detention beyond the initial 90-day term; instead, detention is limited to "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court specifically recognized that the first six months of an immigrant's post-removal-order detention are presumptively reasonable. *Id.* at 701. After six months of detention, if the detainee can demonstrate "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Ndikumana's removal order became final on January 22, 2020. Because Ndikumana has, at this point, been detained under six months, his detention is presumptively reasonable and Ndikumana has made no attempt to show otherwise. In his Objections, Ndikumana appears to recognize this general rule, noting that his concern was the possibility of continuing detention over 180 days. Ndikumana's deportation may be complex, given the issues with obtaining documents and official permissions. And Ndikumana is correct that such detention may not continue indefinitely. However, at this time, Ndikumana's petition is not ripe.

Accordingly, the Court will deny Ndikumana's Petition without prejudice, and Ndikumana may re-file his petition if, at a later date, he can demonstrate "good reason

-5-

to believe that there is no significant likelihood of removal in the reasonably foreseeable future."

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that:**

1. The R&R [Docket No. 8] is **VACATED**.

2. Petitioner Ndikumana's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 1, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court